UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ALICIA CORDOVA, | No. CV 13-04156-VBK |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| v. | (Social Security Case) |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits.  Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge.  The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner.  The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified Administrative Record ("AR").

Plaintiff raises the following issues:

1.  Whether the Administrative Law Judge ("ALJ") properly

```
                 determined that Plaintiff could perform her past relevant
                 work.
```
(JS at 4.)

This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law. After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

**I**

**THE ALJ PROPERLY DETERMINED THAT PLAINTIFF**

**CAN PERFORM HER PAST RELEVANT WORK**

At the administrative hearing (AR 43-63), the ALJ utilized the assistance of a vocational expert ("VE"). The VE identified one of Plaintiff's jobs (Past Relevant Work, or "PRW") as "medical transcriber, [DOT] 203.582-058, sedentary, skilled, SVP of 5." (AR 51.) In his Decision, the ALJ determined at Step Four of the sequential evaluation procedure that Plaintiff was capable of performing the PRW. (AR 29.) Plaintiff asserts that this was an erroneous finding because the ALJ relied upon the VE's testimony which failed to substantiate an asserted discrepancy between Plaintiff's residual functional capacity ("RFC") and the demands of the PRW. Specifically, Plaintiff asserts that while Plaintiff's RFC provides, in part, that she can only "occasionally" push/pull with her lower extremities, the Dictionary of Occupational Titles ("DOT") definition of her PRW requires more. For the following reasons, the Court disagrees.

The law is clear that if there is such a discrepancy, it must be fully explained in the ALJ's Decision. See Massachi v. Astrue, 486

1 F.3d 1149, 1152-1153 (9th Cir. 2007).

2 Here, the VE found that Plaintiff's PRW does not require more than occasional ability to use her lower extremities to push/pull. (AR 50-53, 59-61.) Plaintiff asserts that because her PRW requires that she operate a transcribing machine, she interprets that "the DOT describes constant use of the fingers to type." (JS at 7, citing Exhibit ["Ex."] 1 at p. 3.) The crux of Plaintiff's argument is that,

> "This constant pushing of a foot control to pause the machine while typing is inconsistent with the ALJ's limitation of [Plaintiff] from more than occasional pushing with the lower extremities."

(JS at 8.)

Plaintiff's argument fails for several reasons. First, there simply is no deviation between the determined RFC, which Plaintiff does not dispute, and the DOT's description of the exertional demands of her PRW. Specifically, as noted, Plaintiff's PRW requires "exerting up to 10 pounds of force occasionally." Further, the DOT description itself defines "occasionally" as "activity or condition exists up to 1/3 of the time." (Ex. A at 1.) The Commissioner's own regulations define "occasionally" as "occurring very little up to one-third of the time." (See SSR 83-10.)

Further, as the Commissioner correctly notes, Plaintiff's PRW requires a sedentary exertional level. The Commissioner's own regulations classify a job which requires pushing or pulling of leg controls as light work. See 20 C.F.R. § 404.1576(b). (Light work encompasses jobs that require "very little" lifting but "some pushing or pulling of arm or leg controls.") Thus, if in fact Plaintiff's PRW

3

required more than occasional pushing or pulling with the lower extremities, it would have been classified as light instead of sedentary work.

For the above reasons, there was no actual or even apparent conflict between the requirements of the DOT and the testimony of the VE that Plaintiff could perform this work. The ALJ was therefore entitled to rely upon the VE's testimony. See Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005).

Finally, Plaintiff herself asserted that in doing her job, she never had any difficulty with her lower extremities. Her testimony, rather, was that she could not perform her job because sitting caused her back pain. (AR 53-54.) As the Commissioner notes, Plaintiff's own description of her PRW is "highly probative" of the demands of that job. See JS at 15, citing Matthews v. Shalala, 10 F.3d 678, 681 (9th Cir. 1993); see also SSR 82-62.

For the foregoing reasons, the Court finds no error with regard to Plaintiff's sole issue, and therefore, the decision of the ALJ will be affirmed. The Complaint will be dismissed with prejudice.

**IT IS SO ORDERED.**


DATED: March 20, 2014                    /s/
                                    VICTOR B. KENTON
                                    UNITED STATES MAGISTRATE JUDGE

4